# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT HOFFMAN,**
          **Plaintiff,**

      v.                                                                       Case No. 19-C-0019

**KEITH D. WEINER & ASSOC. CO., L.P.A.,**
          **Defendant.**

## DECISION AND ORDER

Robert Hoffman alleges that the defendant, a debt collector, sent him letters that violate the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act. Before me now is the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

According to the allegations of the complaint, which I accept as true for purposes of deciding the motion to dismiss, the defendant, Keith D. Weiner & Associates Co., L.P.A., is a law firm that routinely collects consumer debts and thus is a "debt collector" as defined by both the FDCPA and the Wisconsin Consumer Act. The plaintiff is a "consumer" or "customer" as defined by those laws.

The plaintiff alleges that the defendant mailed him debt-collection letters dated October 11, 2018 and November 16, 2018. These letters are attached to the complaint. They state that the defendant is attempting to collect a debt owed to "MJT Bolivar LLC" in the amount of $477.50. The plaintiff alleges that this debt arose from a residential lease agreement. Both letters contain the following language: "As of the date of this

letter, you owe the balance stated above. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater."

The plaintiff alleges that including this language in the letters violated the FDCPA and the Wisconsin Consumer Act because the language is false and misleading. The plaintiff alleges that the defendant does not—and cannot—add "interest and other charges that may vary from day to day." Compl. ¶¶ 30–33. Thus, alleges the plaintiff, the letter is likely to trick the consumer into thinking that if he or she does not pay immediately, the balance owed will grow, when in fact the defendant would not and could not add interest and other charges to the balance.

The defendant contends that its letters were not misleading as a matter of law because the language at issue was prescribed by the Seventh Circuit as a form of "safe harbor" for creditors to use in their collection letters. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). The defendant also argues that the letters were not misleading as a matter of law because, at some point in the future, the debt might be reduced to judgment, at which point the defendant would be entitled to collect post-judgment interest under Wisconsin law, which would "vary from day to day."

## II. DISCUSSION

To survive a Rule 12(b)(6) motion, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give

the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In construing a plaintiff's complaint, I assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal*, 556 U.S. 678.

In the present case, the plaintiff seeks relief under both the FDCPA and the Wisconsin Consumer Act. However, in their briefs, the parties focus on the FDCPA and agree that the fate of the claim under the Wisconsin Consumer Act is tied to the fate of the claim under the FDCPA. Thus, I will discuss only the FDCPA.

Because the language at issue in this case is based on the *Miller* safe-harbor formula, I begin by discussing that case. It involved a claim that the debt collector violated the statutory duty to state the amount of the debt. 214 F.3d at 875 (citing 15 U.S.C. § 1692g(a)(1)). The letter stated that the "unpaid principal balance" of the loan was $178,844.65 but added that "this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures." *Id.* The court held that the letter did not comply with the requirement to state the amount of the debt. *Id.* It noted that the unpaid principal balance was only part of the debt and that the FDCPA required the debt collector to state the total amount due—including interest and other charges—on the date the letter was sent. *Id.* at 875–76.

The court, however, recognized that the debt collector faced some difficulty in accurately stating the total amount of the debt when the amount changed daily. *Id.* For this reason, the court created the safe-harbor language at issue in this case and held

3

that use of such language would satisfy the debt collector's duty to state the amount of the debt in cases where the amount varies from day to day. *Id.* at 876. This is the language:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].

*Id.*

In the present case, the defendant used a variation of this safe-harbor language in its letters. The defendant stated the exact amount due at the top of each letter, and in the body stated: "As of the date of this letter, you owe the balance stated above. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater."

Here, the plaintiff does not allege that the defendant violated the statutory requirement to state the amount of the debt. In other words, the plaintiff has not brought the type of claim at issue in *Miller*, to which the safe-harbor language would be a defense. Instead, the plaintiff alleges that using the safe-harbor language in this case—where the amount of the debt does not vary from day to day—rendered the letter false, deceptive, or misleading, in violation of 15 U.S.C. § 1692e. (The plaintiff also alleges that the same conduct violates § 1692f, which prohibits a debt collector from using unfair or unconscionable means to collect a debt, but this is duplicative of the claim under § 1692e, which better fits the facts of this case.)

The Seventh Circuit has recognized that a debt collector's use of the *Miller* safe-harbor language can result in liability under § 1692e when the language is not appropriate for the circumstances surrounding the debt at issue. *See Boucher v. Finance Sys. of Green Bay, Inc.*, 880 F.3d 362, 366–71 (7th Cir. 2018). In *Boucher*, the debts were medical bills on which interest was accruing. The debt collector mailed the plaintiffs letters containing the *Miller* safe-harbor language: "As of the date of this letter, you owe [a stated amount]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *Id.* at 365. The plaintiffs alleged that the debt collector's letter was false, in violation of § 1692e, because, under applicable law, the debt collector could not lawfully or contractually impose "late charges and other charges." *Id.* The Seventh Circuit agreed, finding that the letter falsely implied a possible outcome—the imposition of "late charges and other charges"—that could not legally come to pass. *Id.* at 367. The court held that although the challenged language was part of the *Miller* safe-harbor formula, the debt collector used it in an inaccurate manner and thus violated § 1692e. *Id.* at 370. The court recognized that "although the *Miller* language is not misleading or deceptive on its face, it may nevertheless be inaccurate under certain circumstances." *Id.* The court wrote that "debt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances." *Id.* at 371. Rather, debt collectors must "tailor boiler-plate language to avoid ambiguity." *Id.*

In the present case, the plaintiff alleges that the defendant's use of the *Miller* language renders its letters false and misleading because the defendant does not—and

5

cannot—add any form of "interest" or "other charges that may vary from day to day" to the amount owed. Instead, the total amount owed is simply $477.50. Thus, the claim that the plaintiff has brought is not subject to *Miller* "immunity." Instead, like in *Boucher*, the plaintiff contends that use of the safe-harbor language was inappropriate because it did not match the circumstances surrounding the debt. Accordingly, the complaint is not subject to dismissal on the ground that the challenged language is part of the *Miller* safe-harbor formula.

The defendant contends that its use of the safe-harbor language was appropriate and not misleading because even though it has no right to add interest or other variable charges now, it might in the future bring a lawsuit to collect the amount owed, and if it wins that suit, it would be entitled to add post-judgment interest to the balance due. But the complaint itself alleges that the defendant "does not" and "cannot" add any form of interest to the amount due. Compl. ¶¶ 30–33. When deciding a motion to dismiss, I must accept these factual allegations as true. *See, e.g., Reed v. Palmer*, 906 F.3d 540, 549 (7th Cir. 2018). Here, the defendant's argument that it might bring a suit and might collect post-judgment interest contradicts the complaint's factual allegations that the defendant does not and cannot collect any interest. For this reason, the defendant's argument about post-judgment interest is not properly raised in a motion to dismiss. Still, the plaintiff concedes that, as a matter of Wisconsin law, a judgment creditor is entitled to collect post-judgment interest. Thus, I will address whether the possibility of collecting post-judgment interest in the future renders the *Miller* language not false or misleading in this case as a matter of law.

The answer is no. It is at least plausible to think that a consumer would be misled by a debt collector's stating that the amount due may "vary from day to day" when, as of the date the letter was sent, the amount due was fixed and the debt collector had no right to add interest or other charges. The consumer might understand the statement as meaning that the debt collector has an *existing* right to assess interest and other charges on the balance due and that therefore even a short delay in payment might cause the balance to grow. But if neither the creditor nor the debt collector has commenced a suit to collect the debt, and the debt has not been reduced to judgment, the debt collector has no existing right to assess post-judgment interest. Indeed, the debt collector might never have the right to collect post-judgment interest even if it decides to sue, for it could lose the lawsuit. In this context, the debt collector misleads by implying that it could, as of the date of the letter, add "interest and other charges that may vary from day to day." The speculative possibility that the debt collector may eventually be entitled to collect post-judgment interest does not render the statement accurate and not misleading.

The defendant contends that this result puts it in a "Catch-22 scenario." Reply Br. at 6. It reasons that if it omitted the *Miller* language from its letter and later obtained a judgment and sought to collect post-judgment interest, the plaintiff could sue it for failing to accurately state the amount of the debt in its initial dunning letters. But the defendant's concern about this hypothetical scenario is unfounded. It cites no case holding that the statutory requirement to state the amount of the debt includes notifying the consumer that if, in the future, the debt collector brings a lawsuit to collect the balance owed and wins, it will be entitled to post-judgment interest. Moreover, the

7

Seventh Circuit has held that, in stating the amount of the debt, the debt collector is not required to inform the debtor of "court costs, attorney's fees, or other penalties which may be imposed by statute." *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003). This is so, the court reasoned, because the "amount of the debt" provision is designed to inform the debtor of what the obligation is, not what the final, worst-case scenario could be. *Id.* Thus, a dunning letter does not have to inform a consumer that in the event the debt collector brings a lawsuit to collect and wins, it may add post-judgment interest to the balance due.

Moreover, even if the FDCPA required the debt collector to include such information in its initial dunning letters (which it does not), the debt collector could avoid a Catch-22 by simply drafting its letters to clearly state that it might be entitled to add post-judgment interest if it brings a lawsuit to collect the debt and wins. For example, the debt collector could state the amount owed as of the date of the letter and then state that "if we decide to file a lawsuit to collect this debt and win, we may add court costs and post-judgment interest to the balance stated above." In other words, the debt collector is not compelled to repurpose the *Miller* safe-harbor language to a situation for which it was not designed.

Accordingly, the defendant has not shown that its letters were not false and misleading as a matter of law.

## III. CONCLUSION

For the reasons stated **IT IS ORDERED** that the defendant's motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2019.

        s/Lynn Adelman
        LYNN ADELMAN
        District Judge